UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DONTRELL L. GORDON, SR.,**

        **Plaintiff,**

v.                                           Case No. 20-CV-1541

**PAM SHURPIT,**

        **Defendant.**

## DECISION AND ORDER

Plaintiff Dontrell L. Gordon, Sr., who is representing himself and was previously incarcerated, brings this lawsuit under 42 U.S.C. § 1983. Gordon was allowed to proceed on an Eighth Amendment deliberate indifference claim against Food Services Administrator Pam Shurpit, who allegedly ignored that Gordon was receiving spoiled food.

Shurpit filed a motion for summary judgment. (ECF No. 19.) A few days later, she filed an amended motion for summary judgment to include a copy of Fed. R. Civ. P. 56, Civil L.R. 7, and Civil. L.R. 56. (ECF No. 27.) The court will strike Shurpit's original motion for summary judgment and resolve the amended motion, adopting the materials in support of the original motion as part of the amended motion. The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 16.)

## PRELIMINARY MATTERS

In her reply brief Shurpit asserts that Gordon did not follow Federal Rule of Civil Procedure 56 or Civil Local Rule 56 when responding to her motion for summary judgment. (ECF No. 34 at 1-2.) Specifically, she states that Gordon did not respond to her proposed findings of fact, and therefore the court should consider them admitted for purposes of summary judgment. (*Id.*) Gordon subsequently filed a document entitled "Rebuttal Response" that appears to dispute Shurpits's proposed findings of fact, but he did not seek leave from the court to do so. (ECF No. 36.)

District courts are entitled to treat *pro se* submissions leniently, *see Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Regarding Gordon's "rebuttal," the court will construe it as a sur-reply, and whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)). The court will accept Gordon's sur-reply because it clarifies his position but does not add new arguments or otherwise prejudice Shurpit. The court will consider the materials

in the sur-reply where appropriate in conjunction with Gordon's additional response materials and amended complaint.

## FACTS

Gordon was incarcerated at Dodge Correctional Institution from July 6, 2020, through October 14, 2020. (ECF No. 21, ¶ 1.) Shurpit is currently the Food Services Administrator at Dodge and has been since 2018. (*Id.*, ¶ 2.) Gordon alleges he was served spoiled white rice, burnt, rubbery green beans, and overcooked applesauce from July 17, 2020, through July 29, 2020. (ECF No. 22-4 at 10-11; ECF No. 36, ¶ 5.) He also alleges that Shurpit ignored that the white rice, green beans, and apple sauce were contrary to his low-fiber diet plan. (ECF No. 36, ¶ 10.)

As evidence that he was given food contrary to his low fiber diet plan he submitted what he labels as "Exhibit 1.B", which purports to be pages from the Wisconsin Department of Corrections Diet Manual describing appropriate foods and "foods to avoid" when on a low fiber diet plan. (ECF No. 25-1 at 2-3.) He also submits several pages of "food tags" from the meals he received in July 2020, where he highlights which foods he believes were contrary to his diet plan—including rice cereal, green beans, white rice, and applesauce. (*Id.* at 4-6.) The court notes that, according to pages from the diet manual submitted by Gordon, appropriate foods or "suggested foods" for a low fiber diet plan include rice cereal, rice, green beans, and applesauce. (*Id.* at 2-3.) In other words, the very foods Gordon contends are not appropriate for a low fiber diet and, in fact, proper.

3

Gordon states that he attempted to "rectify" the issue of spoiled food with Shurpit "on multiple occasions." (ECF No. 10 at 2.) The only evidence he submits in support of this assertion is an "Interview/Information Request" form that he sent to Shurpit on August 27, 2020. (ECF No. 25-1 at 7-8.) In this Request form he stated, "Per who's [*sic*] authority was it given for you to change my diet from DM 323 to DM 317? Who told you to switch? Is the cause [*sic*] I complained about the food you are serving me?" (ECF No. 25-1 at 7-9.) Prior to filing the Request form, on July 30, 2020, Gordon had filed an inmate complaint regarding food. (ECF No. 21, ¶ 54; ECF No. 22-4 at 10-11.) In that inmate complaint he complains he is being served the same foods every day and that the foods do not conform with his low fiber diet. (ECF No. 22-4 at 10.) There is no additional evidence in the record that he spoke with, wrote, or otherwise informed Shurpit that he was served spoiled food in July 2020.

Shurpit asserts that Gordon never wrote her directly or otherwise communicated with her about spoiled food. (ECF No. 21, ¶¶ 18-19.) Other than the Request form Gordon sent on August 27, 2020, there is nothing in Dodge's database indicating that Gordon informally or outside the inmate complaint system complained about issues with his food during the relevant time period. (*Id.*, ¶ 20.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are

those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Gordon claims that Shurpit violated his Eighth Amendment rights when she was deliberately indifferent to his complaints of being served spoiled food and for changing his low fiber diet. Gordon's allegations in his amended complaint center solely around "being fed spoil [*sic*] and old food on my diet tray," (ECF No. 10 at 2),

5

and when the court allowed him to proceed on an Eighth Amendment claim for alleging "that he suffered a serious deprivation of a basic necessity—edible food," that claim was limited to being fed spoiled and old food. Because his amended complaint did not allege any claim regarding his low fiber diet, Gordon was not allowed to proceed on a claim against Shurpit for changing his diet. Gordon is limited to the scope of the screening order, and the court will disregard his arguments about being served food contrary to his low fiber diet. *See Werner v. Hamblin*, Case No. 12-C-0096, 2013 WL 788076 at *2 (E.D. Wis. March 1, 2013).[1] Even if the screening order's scope did encompass being served food contrary to his low fiber diet, Gordon's own exhibits demonstrate that white rice, green beans, and applesauce are all acceptable foods under a low fiber diet.

Turning to Gordon's claim concerning spoiled food, "[t]he Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Withholding or serving tainted food may constitute an Eighth Amendment violation. *See Prude v. Clarke*, 675 F.3d 723, 734 (7th Cir. 2012); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th

---

[1] In his response materials, Gordon also argues that Shurpit violated his rights by failing to train her staff to follow diets and serve food (ECF No. 25 at 2.) This claim, for the same reasons, is also outside the scope of the screening order and the court will disregard it.

6

Cir. 1999). To establish that a defendant was deliberately indifferent to such a denial, a plaintiff must show that defendant was "subjectively aware that their conduct was creating a substantial risk of serious harm." *Williams v. Schueler*, 436 F. App'x 687, 689 (7th Cir. 2011) (citing *Farmer*, 511 U.S. at 834, 837)).

Shurpit asserts that she was not aware of Gordon's complaint that he was being served spoiled food. Gordon alleges in his amended complaint that he informed her on several occasions that he was receiving spoiled food. However, the only evidence he submits in response to Shurpit's summary judgment motion are documents showing complaints about his diet classification being changed and that he was being served the same types of food on a daily basis. There are no documents complaining about spoiled food. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)).

Gordon's allegation in his amended complaint that he told Shurpit that he was being served spoiled food, unsupported by any evidence, is insufficient to establish a genuine issue of material fact that Shurpit knew about spoiled food. Summary judgment is granted in Shurpit's favor.

## CONCLUSION

For the foregoing reasons, Shurpit's motion for summary judgment is granted. Shurpit also argued she was entitled to qualified immunity. Because the court grants summary judgment on the merits, it does not need to address the qualified immunity argument. The case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Shurpit's original motion for summary judgment (ECF No. 19) be **STRIKEN** from the record.

**IT IS FURTHER ORDERED** that Shurpit's amended motion for summary judgment (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 5th day of January, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge